## MONTGOMERY *vs.* CARPENTER.

A bond for costs is no part of the record, unless made so by exceptions.

THIS was an action of debt, by petition, determined in the Jackson Circuit Court, in May, 1843, before the Hon. THOMAS JOHNSON, one of the circuit judges. A bond of C. H. Moore, for costs, is copied in the transcript, marked filed before the suit commenced, in the penalty of $100. The defendants moved to dismiss, for want of sufficient bond. Motion sustained, and exceptions. The exceptions do not set out the bond, or show that there was any proof as to the plaintiff's non-residence; but the record states that " *it appeared to the Court*" that he was a non-resident when the suit commenced. Suit dismissed, and appeal.

The case was argued here by *Pike & Baldwin*, for appellant, and *W. Byers*, contra.

*By the Court*, LACY, J. The court below dismissed the suit for want of a sufficient bond for costs. In excepting to the opinion, the

plaintiff has not set out the bond. There is copied in the transcript a good bond, and that is marked filed before the commencement of the action. Are we bound judicially to take notice of this bond as forming part of the record? The declaration and writ are certainly matters of record, and so it has been expressly ruled by this Court in the case of *Pike vs. Lenox*, 2 *Ark. Rep.* 14, and *Renner vs. Reed*, 3 *Ark. Rep.* 413. Whatever proceedings or facts the law or practice of the Court requires to be enrolled as a perpetual memorial or judicial history of the case constitutes and forms a part of the record. It is true that a non-resident cannot have either a declaration or writ without first filing a bond to secure the defendant and officers of court in their costs. In such a case the statute regards the bond for costs as a necessary preliminary to the commencement of the action, and not as necessarily constituting a part of the judicial history of the case, so incorporating itself with the rolls of court as to be and remain a perpetual memorial and testimony of the proceeding. In this case the plaintiff, in taking his exception to the opinion of the Court in dismissing the suit, has wholly failed to place the bond for cost on the record, and therefore we cannot look into it, and see whether it be good or not. There being no other error assigned, and the presumption being in favor of the court below, of course its judgment is affirmed.