STATE of Arkansas *v.* Clarence RICHARDSON

CR 07-610                                            280 S.W.3d 20

Supreme Court of Arkansas
Opinion delivered March 13, 2008

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellant.

*Jimmie L. Wilson,* for appellee.

J IM HANNAH, Chief Justice. This is one of seven appeals filed by the State of Arkansas regarding the Phillips County Circuit Court's dismissal of criminal charges filed against former members of the West Helena City Council. *See also State v. Holden,* 373 Ark. 5, 280 S.W.3d 23 (2008); *State v. Ashwood,* 373 Ark. 7, 280 S.W.3d 25 (2008); *State v. Joshaway,* 373 Ark. 9, 280 S.W.3d 26 (2008); *State v. Weaver,* 373 Ark. 10, 280 S.W.3d 27 (2008); *State v. Lee,* 373 Ark. 12, 280 S.W.3d 28 (2008); *State v. Whitfield,* 373 Ark. 36, 280 S.W.3d 29 (2008). At issue is whether the circuit court erred in dismissing theft charges due to an allegedly defective arrest warrant. Appellee Clarence Richardson was charged with two counts of theft arising from his acceptance of money designated as salary or bonus payments related to his service as a member of the West Helena City Council. The State alleged that Richardson and other members of the City Council, upon learning that the present City Council would not become the City Council of the newly formed city of Helena-West Helena, met and voted to pay themselves and other elected officials for "one full year" of pay they would lose. The State contended that Richardson and the other elected officials committed theft by attempting to pay themselves for the year of their terms cut short by the vote to consolidate Helena and West Helena.

Richardson filed numerous motions to dismiss the charges against him, including one founded on the claim that the arrest warrant issued for him was defective. Specifically, Richardson alleged that the charges against him should be dismissed because, in violation of Ark. R. Crim. P. 7.1, a judicial officer did not issue or authorize the circuit clerk's issuance of the arrest warrant. 'After briefing by the parties and a hearing, the circuit court entered an order over the State's objection dismissing the State's charges due to a defective arrest warrant. The State timely filed a notice of appeal and lodged the record. The State seeks reversal and remand for trial on the theft charges. On appeal, the State argues that the circuit court erred as a matter of law by dismissing the State's prosecution of Richardson due to an allegedly defective arrest warrant. We reverse and remand.

As this court has often held, the State's ability to appeal is not a matter of right; rather, it is limited to those cases described under Ark. R. App. P.–Crim. 3. *Thomas v. State,* 349 Ark. 447, 79

S.W.3d 347 (2002). Under Rule 3, we accept appeals by the State when our holding would establish important precedent or would be important to the correct and uniform administration of the criminal law. *Id.* In this case, the issue raised by the State concerns whether the circuit court erred in dismissing a theft prosecution due to an allegedly defective arrest warrant. Because our holding in this case would be important to the correct and uniform administration of the criminal law, we accept jurisdiction of this appeal.

In this case, Richardson sought dismissal of the charges against him, alleging, inter alia, that the warrant for his arrest did not comply with Ark. R. Crim. P. 7.1(c). The State responded that, even assuming the warrant was defective, it had no effect on the prosecution so long as no evidence was obtained as a consequence of the arrest. At the hearing, the State reiterated that view, noting that Richardson was before the court not on the arrest warrant, but on the information filed against him.

An illegal arrest, without more, has never been viewed as either a bar to subsequent prosecution or an absolute argument against a valid conviction. *Biggers v. State,* 317 Ark. 414, 878 S.W.2d 717 (1994) (citing *United States v. Crews,* 445 U.S. 463 (1980)); *see also Wallace v. State,* 314 Ark. 247, 862 S.W.2d 235 (1993). While an invalid arrest may call for the suppression of a confession or other evidence, it does not entitle a defendant to be discharged from responsibility for the offense. *Biggers, supra; Wallace, supra; O'Riordan v. State,* 281 Ark. 424, 665 S.W.2d 255 (1984). "The court's jurisdiction to try the accused does not depend upon the validity of the arrest." *Singleton v. State,* 256 Ark. 756, 757, 510 S.W.2d 283, 284 (1974).

In *Daley v. State,* 20 Ark. App. 127, 725 S.W.2d 574 (1987), the court of appeals addressed the specific issue of whether a defective arrest warrant under Ark. R. Crim. P. 7.1(c) required dismissal of a charge. The court of appeals stated:

> We ... find no merit in the appellant's argument that the charge against him should have been dismissed because a judicial officer did not issue or authorize the circuit clerk's issuance of the arrest warrant. The warrant for the appellant's arrest was issued by the Desha County Circuit Clerk's office upon receiving the information in the mail. The clerk of that court testified that it was the normal procedure for his office to automatically issue a bench warrant whenever it received an information. While A. R. Cr. P. Rule 7.1(c) contemplates that a judicial officer issue an arrest

warrant, or that the circuit clerk do so if authorized by a judicial officer, it is not necessary to our decision to reach the question of whether the procedure followed here renders such a warrant unlawful. Even were we to assume that this warrant was improperly issued, and the appellant's subsequent arrest unlawful, that would not preclude the appellant's trial for the offense charged.

The only purpose of an arrest warrant is to have an accused arrested and brought before the justice or other officer issuing the warrant so that he may be dealt with according to law. When that has been done, the warrant has performed its function and has no operation whatever on the subsequent proceedings. *Dudney v. State*, 136 Ark. 453, 206 S.W. 898 (1918); *Watson v. State*, 29 Ark. 299 (1874). The appellant cannot challenge his own presence at trial or claim immunity to prosecution simply because his appearance was precipitated by an unlawful arrest.

*Daley*, 20 Ark. App. at 134-35, 725 S.W.2d at 578.

We agree with the reasoning of the court of appeals, as it comports with our case law regarding the effect of an illegal arrest upon a subsequent prosecution. *See Biggers, supra; Wallace, supra; O'Riordan, supra; Singleton, supra.* Accordingly, we hold that, in this case, the circuit court erred in dismissing theft charges due to an allegedly defective arrest warrant.

We note that, in dismissing the charges, the circuit court relied on *Lamb v. State*, 23 Ark. App. 115, 743 S.W.2d 399 (1988). However, *Lamb* is inapposite and does not stand for the proposition that a criminal prosecution can be dismissed due to a defective arrest warrant. While *Lamb* concerned the validity of an arrest warrant under Ark. R. Crim. P. 7.1(c), it said nothing about dismissal of a prosecution, but instead was an appeal following convictions and reached only the usual remedy of the suppression of evidence flowing from the illegal arrest. *Id.* at 118-20, 743 S.W.2d at 401-02.

For the foregoing reasons, we reverse and remand.

Reversed and remanded.