## STATE of Arkansas *v.* Calvin HOLDEN

CR 07-634                                          280 S.W.3d 23

Supreme Court of Arkansas
Opinion delivered March 13, 2008

*Dustin McDaniel,* Att'y Gen., by: *David R. Raupp,* Sr. Ass't Att'y Gen., for appellant.

*Charles P. Allen, Jr.,* for appellee.

Tom Glaze, Justice. The State of Arkansas filed an information charging appellee Calvin Holden, a city councilman for West Helena, with two counts of theft of property on March 1, 2006. Six other defendants were charged with similar crimes; those cases are the subjects of the other six opinions handed down today. *See State v. Richardson,* 373 Ark. 1, 280 S.W.3d 20 (2008); *State v. Ashwood,* 373 Ark. 7, 280 S.W.3d 25 (2008); *State v. Joshaway,* 373 Ark. 9, 280 S.W.3d 26 (2008); *State v. Weaver,* 373 Ark. 10, 280 S.W.3d 27 (2008); *State v. Lee,* 373 Ark. 12, 280 S.W.3d 28 (2008); *State v. Whitfield,* 373 Ark. 36, 280 S.W.3d 29 (2008). The theft charges arose from Holden's alleged acceptance of money designated as salary or bonus payments related to his service as a public official on behalf of West Helena. The State contended that those payments were illegal because they represented salary payments for times when Holden would no longer be in office.

Bench warrants, authorizing the arrest of Holden and signed by Phillips County Clerk Wanda McIntosh and Deputy Clerk

Geneva Richardson, issued on March 1, 2006, and March 20, 2006. On December 4, 2006, Holden and his codefendants moved for dismissal of the charges against them on the grounds that the arrest warrant had been signed by a Deputy Clerk and that the subsequent arrest was therefore invalid. Following a hearing on March 26, 2007, the circuit court entered an order on June 12, 2007, finding that, while Ark. R. Crim. P. 7.1(c) authorizes a court clerk to sign a warrant, the rule does not "dispense with the requirement that warrants must be issued by a detached, neutral magistrate who makes an independent determination of probable cause." Citing *Lamb v. State*, 23 Ark. App. 115, 743 S.W.2d 399 (1988), the court granted the defendant's motion to dismiss and dismissed the charges with prejudice.

The State's sole argument on appeal is that the circuit court erred in its interpretation of *Lamb, supra,* and in dismissing the charges against Holden for an allegedly defective arrest warrant. We agree.

In the *Lamb* case on which the circuit court relied, the defendant, Lamb, was arrested after police obtained a warrant from the deputy clerk of the Little Rock District Court. After Lamb was convicted, he appealed, arguing that the trial court had erred in denying his motion to suppress evidence that was seized as the result of an allegedly illegal arrest. At the suppression hearing, the deputy clerk testified that she issued the warrant herself, without communicating with the municipal judge, and without any indication from the investigating officers or the documents that the judge had any knowledge of the facts alleged. In addition, the clerk testified that she did not read the factual allegations of the affidavit before signing the warrant; that she only checked for the prosecutor's signature, the charge, and the statute number; and that she issued warrants under these circumstances routinely, as a matter of policy. *Lamb*, 23 Ark. App. at 117-18, 743 S.W.2d at 400-01.

The court of appeals held that the trial court should have granted Lamb's motion to suppress the evidence seized as a result of his arrest, concluding that the warrant was improvidently issued. *Id.* at 118, 743 S.W.2d at 401. Importantly, however, for purposes of the present case, the *Lamb* court *did not* hold that dismissal of the criminal charges was appropriate; indeed, such a result would have been contrary to our case law.

Our court has consistently held that, while an invalid arrest may call for the suppression of a confession or other evidence, *it does not entitle a defendant to be discharged from responsibility for the*

*offense. See Biggers v. State*, 317 Ark. 414, 421, 878 S.W.2d 717, 720 (1994) (emphasis added); *O'Riordan v. State*, 281 Ark. 424, 665 S.W.2d 255 (1984); *Singleton v. State*, 256 Ark. 756, 510 S.W.2d 283 (1974); *see also State v. Holcomb*, 271 Ark. 619, 609 S.W.2d 78 (1980); *State v. Block*, 270 Ark. 671, 672, 606 S.W.2d 362, 362 (opining that it was "unthinkable that a person who has committed murder, for example, should go scot free just because an officer enters his home without an invitation and arrests him without a warrant"); *State v. Fore*, 46 Ark. App. at 30, 876 S.W.2d at 280 (citing above cases and others, and holding that an illegal arrest is not grounds for dismissal of criminal charges).

Thus, it is apparent that the trial court misinterpreted *Lamb* as permitting the dismissal of criminal charges following an allegedly illegal arrest, when that case and the others cited above stand only for the proposition that the proper remedy for an illegal arrest is suppression of any evidence seized as a result thereof. Accordingly, for the reasons set out both above and in *State v. Richardson, supra*, we reverse the trial court's decision and remand for further proceedings.