STATE of Arkansas *v.* Nathan ASHWOOD

CR 07-635                                      280 S.W.3d 25

Supreme Court of Arkansas
Opinion delivered March 13, 2008

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellant.

*Jimmie L. Wilson*, for appellee.

DONALD L. CORBIN, Justice. Appellee Nathan Ashwood was charged with two counts of felony theft of property arising from his alleged improper acceptance of money designated as salary or bonus payments related to his service as a member of the West Helena City Council. As with the other six companion cases, *see State v. Richardson*, 373 Ark. 1, 280 S.W.3d 20 (2008); *State v. Holden*, 373 Ark. 5, 280 S.W.3d 23 (2008); *State v. Joshaway*, 373 Ark. 9, 280 S.W.3d 26 (2008); *State v. Weaver*, 373 Ark. 10, 280 S.W.3d 27 (2008); *State v. Lee*, 373 Ark. 12, 280 S.W.3d 28 (2008); *State v. Whitfield*, 373 Ark. 36, 280 S.W.3d 29 (2008), the State appeals from the circuit court's dismissal of the charges.

On November 10, 2005, Nathan Ashwood, and four other members of the West Helena City Council, Clarence Richardson, Calvin Holden, Edward Joshaway, and Eddie Lee, upon learning that they were not going to be elected to serve on the newly consolidated Helena-West Helena City Council, voted to pay elected West Helena city officials a full salary for the year 2006, a year in which the city officials would no longer be in office. Checks were issued to and negotiated by the five councilmen named above as well as the City Clerk, Renee Whitfield, and Mayor Johnny Weaver. An additional check was later issued to each of the five councilmen. The State charged Ashwood, Holden, Joshaway, Lee, and Richardson each with two counts of felony theft of property and Whitfield and Weaver each with one count of felony theft of property. The circuit court dismissed the charges against all seven defendants after ruling that the arrest warrants issued for the defendants were defective because they were signed by a deputy clerk without authority from a judicial officer. The State appealed from all seven dismissal orders.

The State's sole argument on appeal is that the circuit court erred by dismissing the charges against Ashwood for an allegedly defective arrest warrant. We agree with the State for the reasons set out in this court's opinion in *State v. Richardson*, 373 Ark. 1, 280 S.W.3d 20, handed down this same date. We reverse and remand this matter for further proceedings.