STATE of Arkansas *v.* Johnny WEAVER

CR 07-637                                                     280 S.W.3d 27

Supreme Court of Arkansas
Opinion delivered March 13, 2008

*Dustin McDaniel,* Att'y Gen., by: *David R. Raupp,* Sr. Ass't Att'y Gen., for appellant.

*Jimmie L. Wilson*, for appellee.

A<span></span>NNABELLE CLINTON IMBER, Justice. This case, like the six other companion cases decided today, *see State v. Richardson*, 373 Ark. 1, 280 S.W.3d 20 (2008); *State v. Ashwood*, 373 Ark. 7, 280 S.W.3d 25 (2008); *State v. Joshaway*, 373 Ark. 9, 280 S.W.3d 26 (2008); *State v. Holden*, 373 Ark. 5, 280 S.W.3d 23 (2008); *State v. Lee*, 373 Ark. 12, 280 S.W.3d 28 (2008); *State v. Whitfield*, 373 Ark. 36, 280 S.W.3d 29 (2008), involves the issue of whether the Phillips County Circuit Court erred by dismissing the charge against Appellee Johnny Weaver for an allegedly defective arrest warrant. Mayor Weaver and five other former members of the West Helena City Council, as well as the former West Helena City Clerk, were arrested and charged with theft of property for negotiating checks that had been authorized by a vote of the City Council on November 10, 2005. The checks had been designated as salary payments for the year 2006, although the city officials would no longer be in office as of December 31, 2005, due to the consolidation of the cities of Helena and West Helena. Mayor Weaver, as well as the other defendants, filed a motion to dismiss the charge on grounds that the arrest warrant was unlawful under Arkansas Rule of Criminal Procedure 7.1 (2007). The Phillips County Circuit Court granted the motion and dismissed the charge. The State now appeals the circuit court's order of dismissal. The circuit court made its ruling from the bench on March 26, 2007, and the State filed a notice of appeal from that ruling on April 18, 2007. Nevertheless, the circuit court did not enter its written order until June 7, 2007. The State has thirty days from the entry of order or judgment to file a notice of appeal. Ark. R. App. P.–Crim. 3(b) (2007). Despite the filing discrepancy in this case, we conclude that the appeal was properly perfected because, under Arkansas Rules of Appellate Procedure–Criminal 2(b)(1) (2007), a notice of appeal filed after the circuit court announces a decision but before the entry of a written order shall be treated as though it was filed the day after the order was entered.

For the reasons stated in *State v. Richardson, supra*, we accept jurisdiction over the instant appeal pursuant to Arkansas Rule of Appellate Procedure–Criminal 3 (2007), and we conclude that the circuit court erred by dismissing the charge against Mayor Weaver for an allegedly defective arrest warrant.

Reversed and remanded.