STATE of Arkansas *v.* Eddie LEE

CR 07-639                                                    280 S.W.3d 28

Supreme Court of Arkansas
Opinion delivered March 13, 2008

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellant.

No response.

J im GUNTER, Justice. This case, like the six other companion cases decided today, *see State v. Richardson*, 373 Ark. 1, 280 S.W.3d 20 (2008); *State v. Holden*, 373 Ark. 5, 280 S.W.3d 23 (2008); *State v. Ashwood*, 373 Ark. 7, 280 S.W.3d 25 (2008); *State v. Joshaway*, 373 Ark. 9, 280 S.W.3d 26 (2008); *State v. Weaver*, 373 Ark. 10, 280 S.W.3d 27 (2008); and *State v. Whitfield*, 373 Ark. 36, 280 S.W.3d 29 (2008), involves the issue of whether the Phillips County Circuit Court erred by dismissing theft-of-property charges against Appellee Eddie Lee for an allegedly defective arrest warrant. We reverse the circuit court's order and remand the case for trial.

On November 7, 2005, the West Helena City Council voted to authorize the payment of a bonus or incentive pay in the amount of $1,000 for all full-time employees and elected officials

and in the amount of $500 for all part-time city employees. On November 10, 2005, the council members voted to pay all elected city officials, including the council members, the mayor, and the city clerk a full salary for the year 2006 when they would no longer be in office. According to the State, these members of the West Helena City Council, upon learning that they were not going to be elected to positions on the council of the newly formed City of Helena-West Helena, met and voted to pay themselves and other elected officials for one full year. Those officials had already been paid up to that point in November 2005. Checks representing pay for 2006 were issued on November 15, 2006, and the checks negotiated were those issued to Whitfield, Weaver, Lee, Holden, Richardson, Joshaway, and Ashwood. Additionally, on December 27, 2005, checks designated as incentive pay were issued to Lee, Holden, Richardson, Joshaway, and Ashwood, and these five checks were negotiated. The State contends that the cashing of these checks by these defendants, as opposed to their fellow council members who either returned or never negotiated their checks, constituted a "taking" prohibited by statute.

On December 7, 2006, a motion to dismiss for defective warrant of arrest was filed. In the circuit court's June 12, 2007 order, it states that Lee's motion to dismiss was "adopted by the Defendant," which indicates that a motion to dismiss was not necessarily filed in each defendant's case. It is alleged that the arrest warrant was signed by a deputy clerk of the court, that "bearing the signature of a Deputy Clerk is impermissible and that the arrest [was] invalid." Because Lee's motion to dismiss was adopted, we do not remand for rebriefing. The State now brings its appeal from the circuit court's dismissal order pursuant to Ark. R. App. P.–Crim. 3 (2007).

For the reasons articulated in *State v. Richardson, supra,* we accept jurisdiction over the instant appeal. *See* Ark. R. App. P.–Crim. 3. Our case law is replete with the proposition that a defendant is not entitled to a dismissal due to an illegal arrest. *See Biggers v. State,* 317 Ark. 414, 878 S.W.2d 717 (1994). Thus, even if the arrest were illegal, the State's prosecution of Lee's theft-of-property charges should go forward. For these reasons, we hold that the circuit court erred in granting Lee's motion to dismiss on the basis of an allegedly defective arrest warrant. Accordingly, we reverse the dismissal order and remand the case for trial.

Reversed and remanded.