2009 Ark. 206

**STATE of Arkansas, Appellant,**

v.

**Clarence RICHARDSON, Appellee.**

**No. CR08–1021.**

Supreme Court of Arkansas.

April 16, 2009.

Dustin McDaniel, Att'y Gen., by: David R. Raupp, Sr. Ass't Att'y Gen., Little Rock, for appellant.

Jimmie L. Wilson, West Helena, for appellee.

ELANA CUNNINGHAM WILLS, Justice.

Appellee Clarence Richardson was charged with two counts of theft of property in February 2006.[1] The Phillips County Circuit Court initially dismissed the charges based on an allegedly defective search warrant. However, this court reversed the circuit court and remanded the matter for trial. *State v. Richardson*, 373 Ark. 1, 4, 280 S.W.3d 20, 23 (2008). Following the remand, Richardson's trial was scheduled for May 21, 2008.

On the morning the trial began, Richardson attempted to waive a jury trial. The State agreed to the jury waiver, but the circuit court stated its belief that it was "best in this situation that I not be an arbiter of the facts in this case." The court thus denied the parties' attempt to waive a jury trial. The court then proceeded to seat a jury; twelve jurors and two alternates were selected.

At the conclusion of the trial, the jury retired to deliberate at nearly 4:00 in the afternoon on Wednesday, May 28, 2008. The jurors deliberated until nearly 10:00 that evening. After the jurors informed the court that they were deadlocked, the court gave them an *"Allen instruction"* the next morning, requesting that they retire for further deliberations in an attempt to reach a verdict.

Later that day, however, a juror sent the court a note stating that one of the other jurors had, among other things, been talking on her cell phone. After questioning the juror, the court discharged her and seated one of the alternate jurors. The court instructed the jury to disregard all of its previous deliberations and commence anew with the newly seated juror. The jury retired at approximately 5:30 p.m., and at 9:01 p.m., it came back with guilty verdicts on both charges.

At a hearing on June 2, 2008, Richardson presented the court with an oral motion for new trial.[2] He argued that the court had erred in denying the request to waive a jury, and he also suggested that a new trial was warranted because of irregularities in the jury's deliberations. After hearing arguments from Richardson and the State, the court took the matter under advisement and subsequently issued an order on June 5, 2008, granting Richardson's motion for new trial. The court agreed that it should not have denied Richardson's request to waive a jury trial, and it also determined that the circumstances surrounding the discharge of the juror warranted a new trial. The State filed a timely notice of appeal, and now urges this court that the trial court erred in granting Richardson's motion for new trial.

Before addressing the merits of the State's arguments, we must first consider whether this appeal is properly before us. The procedural posture of this case is unique, and although the State asserts that this court's jurisdiction is proper under Ark. R.App. P.—Crim. 3, we must determine whether there is an appealable order.

The oral motion for a new trial in this case was made before the entry of any judgment and commitment order. Under Rule 33.3 of the Arkansas Rules of Criminal Procedure, a posttrial motion or application for relief that is filed before the

---

1. Richardson was charged along with six other members of what was, at the time, the West Helena City Council. *See State v. Richardson*, 373 Ark. 1, 2, 280 S.W.3d 20, 21 (2008).

2. At one point in the hearing, Richardson stated that he had "reduced this to writing," but the record does not contain a written motion for new trial.

entry of judgment shall become effective and be treated as filed on the day after the judgment is entered. Ark. R.Crim. P. 33.3(b). Here, however, no judgment was ever entered. Instead, as mentioned above, Richardson made an oral motion for new trial[3] after the jury returned with a guilty verdict, but before the jury had the opportunity to deliberate on a sentence. The jury's announcement of a guilty verdict did not constitute the entry of a judgment. Thus, there was never an effective judgment and commitment order. *See Bradford v. State,* 351 Ark. 394, 94 S.W.3d 904 (2003) (a judgment and commitment order is not effective until it is entered of record); Sup. Ct. Admin. Order No. 2 (A judgment, decree, or order is "entered" only when the clerk "denote[s] the date and time that a judgment, decree or order is filed by stamping or otherwise marking it with the date and time and the word 'filed.'"). *See also* Ark. R.Crim. P. 33.2 (2008) ("Upon the return of a verdict of guilty in a case tried by a jury, ... sentence may be pronounced and the judgment of the court may be then and there entered."). Accordingly, because no judgment was ever entered, Richardson's attempt to move for a new trial was premature and ineffective. When a motion is void, this court can treat it as though it was never made. *See Brown v. State,* 333 Ark. 698, 970 S.W.2d 287 (1998).[4]

Given that Richardson's motion for new trial was ineffective, we conclude that the circuit court's order granting the untimely posttrial motion was a nullity.[5] There appears to be no provision in our Rules of Criminal Procedure that permits a circuit court to grant a new trial *sua sponte. Compare* Ark. R. Civ. P. 59(e) (2008) (A court may "on its own initiative order a new trial for any reason for which it might have granted a new trial on motion of the party."), *with* Ark. R.Crim. P. 33.1(a) (A "person convicted of ... a felony ... may file a motion for new trial or any other application for relief."). The absence of a valid judgment and commitment order makes the motion for new trial ineffective, thus depriving the circuit court of any basis in the law for granting the motion. As a consequence, the circuit court's order granting a new trial is a nullity. Further, because there is no valid order from which the State could have taken an appeal, the State's appeal is dismissed.

Appeal dismissed.

---

3. Richardson never "filed" a motion for new trial. Rule 33.3 appears to contemplate a written motion for posttrial relief, stating that a person "convicted of either a felony or misdemeanor may *file a motion* for new trial or any other application for relief.... A *copy of any such motion shall be served* on the representative of the prosecuting party." Ark. R. Civ. P. 33.3(a) (emphasis added).

4. We acknowledge that *Brown v. State, supra,* which held that a motion for new trial filed before the entry of a judgment is ineffective, predates the 2001 amendment to Ark. R.Crim. P. 33.3 that treats a premature motion for new trial as being filed on the day after the judgment was entered. The fact remains in this case, however, that no judgment was *ever* entered. Thus, the motion for new trial is still, as of this date, ineffective.

5. A circuit court can, of course, *sua sponte* declare a mistrial. *See, e.g., Wicks v. State,* 270 Ark. 781, 606 S.W.2d 366 (1980) (a trial court has a duty to intervene, without an objection, and correct a serious error either by an admonition to the jury or by ordering a mistrial). Indeed, at the hearing on Richardson's new-trial motion, the State argued that the effect of the court's order purporting to grant a new trial was effectively to discharge the jury and terminate the trial after a finding of guilt, which was tantamount to granting a mistrial. The court, however, never ruled on the issue, and the State does not raise this argument on appeal.