The Honorable Bobby L. Glover State Senator Post Office Box 1 Carlisle, Arkansas 72024-0001
Dear Senator Glover:
I am writing in response to your request for my opinion on the following question:
 May a county coroner personally submit a request directly to the Arkansas State Police asking their agency to conduct a criminal investigation involving a death that has occurred in that county coroner's jurisdiction?
RESPONSE
In my opinion, although a coroner may certainly request that the Arkansas State Police (the "ASP") conduct a criminal investigation involving a death, the coroner has no authority to direct that the ASP honor the request. As reflected in the attached Op. Att'y Gen. No. 98-255, the ASP has discretion to determine how it shall exercise the powers and duties it has been afforded pursuant to the Arkansas Code.[1] Although subsection (b) of this statute identifies the ASP as "conservators of the peace" who "shall have the powers possessed by police officers in cities and county sheriffs in counties," this description of the range of the ASP's powers does not amount to a directive that the ASP respond to any given request to begin an investigation, including one tendered by a coroner. In this regard, I will note that the Director of the ASP is expressly authorized to "promote such rules and regulations as are necessary for the efficient operation of the Department of Arkansas State Police and for the enforcement of such duties as are prescribed in *Page 2 
this chapter."[2] I concur with my predecessor in concluding that this provision reflects the ASP's discretion to determine what course it must chart in order to fulfill its statutory obligations.
It is apparent from the following statute that some law enforcement agency, whatever it be, as well as the prosecuting attorney and the coroner, must conduct an investigation sufficient to establish that no crime has occurred:
 If, after conducting an investigation, the law enforcement agency and prosecuting attorney of the jurisdiction are satisfied that no crime has occurred, the coroner is satisfied that the death is not the result of a crime, and the coroner knows to a reasonable certainty the cause and manner of death, the coroner or his designated deputy shall proceed to execute a death certificate in the form and manner required by law and release the body for final disposition.[3]
In my opinion, this statute requires that some law enforcement agency investigate a death to determine that no crime has occurred. However, the statute does not mandate that that agency, upon a coroner's request, be the ASP.[4] *Page 3 
Subsection 14-15-302(a) of the Arkansas Code (Supp. 2009) provides as follows:
 A coroner's investigation does not include criminal investigation responsibilities. However, the coroner shall assist any law enforcement agency or the State Crime Laboratory upon request.
In my opinion, this statute reflects the fact that whatever law enforcement agency conducts an investigation into a death, that agency may compel the coroner to cooperate. However, neither this statute nor any other supports the obverse — that a coroner may compel any particular agency to conduct the investigation. In my opinion, the ASP has the discretion to determine whether it will participate in the investigation of a death.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/JHD:cyh
[1] A.C.A. § 12-8-106 (Repl. 2009).
[2] A.C.A. § 12-8-104(c) (Repl. 2009).
[3] A.C.A. § 14-15-303 (Repl. 1998). Subsection 14-15-302(a) of the Arkansas Code (Supp. 2009) further provides as follows:
 A coroner's investigation does not include criminal investigation responsibilities. However, the coroner shall assist any law enforcement agency or the State Crime Laboratory upon request.
[4] Indeed, the Code calls into question whether the ASP, without express statutory authority, might assist in an investigation of criminal activity in a local political subdivision without being asked to do so by a local law enforcement agency. Specifically, the Code provides as follows:
 [T]his chapter shall not be construed so as to take away any authority of the regularly constituted peace officers in the state, but the department shall cooperate with them in the enforcement of the criminal laws of the state and assist such officers either in the enforcement of the law or apprehension of criminals.
A.C.A. § 12-8-106(e) (Repl. 2009).
This statute strikes me as consistent with the premise that a police chief is the chief law enforcement officer in a municipality, as is the sheriff in a county. The proposition that a chief of police is a municipality's chief law enforcement officer, just as is the sheriff in a county, is so obvious that it is not expressly stated in the Arkansas Code. This primacy is, however, acknowledged in case law and even federal statutory law. See, e.g., Biggers v.State, 317 Ark. 414, 427, 878 S.W.2d 717 (1994) ("The sheriff is not an extension of the court; he is the chief law enforcement officer of the county."); 18 U.S.C. § 922(q)(6)(C) ("[C]hief law enforcement officer means the chief of police, the sheriff, or an equivalent officer or the designee of any such individual."). Compare Op. Att'y Gen. No. 93-434 (questioning the proposition that the mayor of an incorporated town could be characterized as its "chief law enforcement officer"). I do not consider a coroner, who lacks the law enforcement authority attendant to a "peace officer" as that term is used in A.C.A. § 12-8-106(e), as authorized to mandate that the ASP initiate an investigation of a suspicious death. I believe this conclusion applies regardless of whether the request is made "personally" and "directly" by the coroner.