James Phillip HAGEN *v.* STATE of Arkansas

CR 93-880                                     864 S.W.2d 856

Supreme Court of Arkansas
Opinion delivered November 8, 1993
[Rehearing denied December 13, 1993]

*Doug Norwood*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. On March 25, 1992, appellant James Phillip Hagen battered Paula Milsap. On July 11, Milsap filled in the affiant's part of a "City Attorney's Form Affidavit" in which she swore that appellant beat her. The form was also signed by a deputy city attorney and, in part, provides that appellant committed third degree battery, a misdemeanor, upon Milsap in violation of Ark. Code Ann. § 5-13-203 (1987). A municipal judge found that the recitations contained in the form demonstrated probable cause for the issuance of an arrest warrant. A warrant was issued, and appellant was arrested. No other charging instrument was filed. Appellant was found guilty in municipal court of third degree battery and appealed to circuit

court. In circuit court he moved to dismiss the case on the ground that he had never been charged by information, indictment, or citation. Appellant argued that to try him for a crime with which he had never been charged would violate his right to due process under the Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States and would also violate Article 2, Section 10 of the Constitution of Arkansas. The circuit court denied the motion. A jury found appellant guilty of the misdemeanor, and the circuit court entered a judgment of conviction. Appellant appeals. We affirm the judgment because the circuit court reached the right result, albeit, for the wrong reason.

■■ The circuit court ruled that appellant appealed to circuit court from a conviction in municipal court for third degree battery and, as a result, had notice in the *de novo* circuit court hearing of the charge from which he appealed. We cannot uphold the conviction on that basis. The conviction of a person for a crime with which he was never charged constitutes a clear violation of the right to due process. *Allen* v. *State*, 310 Ark. 384, 838 S.W.2d 346 (1992). When there is no valid charging instrument, and yet the defendant is convicted in a court of limited jurisdiction, there is a void judgment of conviction in the court of limited jurisdiction. A void judgment cannot provide valid notice for a subsequent proceeding in circuit court. *Rector* v. *State*, 6 Ark. 187 (1845). Thus, the conviction in municipal court, if void, would not have provided notice of the charge in circuit court.

■ The State admits that neither an information, nor an indictment, nor a citation was filed in this case, but asks us to declare the error harmless. We have clearly indicated that we would not apply the harmless error doctrine in a case in which a criminal defendant was never charged. In *Hedrick* v. *State*, 292 Ark. 411, 730 S.W.2d 488 (1987), we wrote that "a conviction upon a charge not made would be sheer denial of due process." *Id.* at 413, 730 S.W.2d at 490 (citing *Thornhill* v. *Alabama*, 310 U.S. 88 (1940)). In *Allen* v. *State*, 310 Ark. 384, 386, 838 S.W.2d 346, 347 (1992), we wrote:

> Some constitutional rights are so basic to a fair trial that their violation "can never be treated as harmless." *Gomez* v. *United States*, 490 U.S. 858 (1989). Examples are

the right to counsel, *see Penson* v. *Ohio*, 488 U.S. 75, 88 (1988), and the right for a grand jury proceeding to be free of racial discrimination. *Vasquez* v. *Hillery*, 474 U.S. 254 (1986). In *Pope* v. *Illinois*, 481 U.S. 497, 502 (1987), the opinion of the court states that the harmless error inquiry is appropriate only when the trial was not fundamentally unfair. Quite probably one's right to be informed of a charge is that type of fundamental right that cannot be reviewed for harmless error since the right to notice of a charge is "so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Schad* v. *Arizona*, ___ U.S. ___, 111 S. Ct. 2491, 2497 (1991) (quoting *Speiser* v. *Randall,* 357 U.S. 513, 524 (1958)).

We have clearly indicated in the above opinions that we would refuse to apply the harmless error doctrine in a case in which a person was never charged, but it is not necessary for us to make such a holding in this case.

The trial court reached the right result because appellant was, in fact, given adequate notice under the Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, as well as under Article 2, Section 10 of the Constitution of the State of Arkansas. The Attorney General is in error in conceding that a valid charging instrument was not filed. The Supreme Court of the United States set forth the requirements for a valid charging instrument as: (1) including the elements of the crime, (2) providing adequate notice as to the charge, and (3) providing protection against double jeopardy. *Hamling* v. *United States*, 418 U.S. 87, *reh'g denied*, 419 U.S. 885 (1974); *see also* 2 Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 19.2 (b) (1984).

Article 2, Section 8 of the Constitution of Arkansas requires that a defendant shall not "be held to answer a criminal charge unless on present of indictment." Amendment 21 provides that informations may be used the in the same manner as indictments. Article 2, Section 10 requires that an accused shall be "informed of the nature and cause of the accusation against him, and to have a copy thereof." We interpreted an earlier constitutional provision to require that the charging instrument be specific enough to: (1) inform the defendant of the charge he is

called upon to answer, (2) inform the court of a definite offense, and (3) protect the defendant against double jeopardy. *State* v. *Cadle*, 19 Ark. 613 (1858). We have said an information or indictment is not necessary for a misdemeanor charge. *Lovell* v. *State*, 283 Ark. 425, 678 S.W.2d 318 (1984). The Rules of Criminal Procedure provide for the issuance of a warrant, citation, or summons to command an accused to court on a misdemeanor charge. *See generally* Article III of the Rules of Criminal Procedure, *see also* Terry R. Kirkpatrick, *Arrest, Citation, and Summons—The Supreme Court Takes a Giant Step Forward*, 30 Ark. L. Rev. 137 (1976).

City attorneys can file charging instruments in municipal court for misdemeanor violations of state or city law committed within the jurisdiction of the municipal court. Ark. Code Ann. § 14-42-112 (c) (Supp. 1993). A charging instrument was in fact filed in this case. The requirements for an information or indictment are set out in Ark. Code Ann. § 16-85-403 (1987). The instrument must also conclude with the language "Against the peace and dignity of the State of Arkansas." Ark. Const. art. 7, § 49.

In this case the first page of the "City Attorney's Form Affidavit" is styled "In The Municipal Court of Springdale." Below the style, the instrument recites the appellant's name as the defendant, recites that it is prepared pursuant to Rule 7.1 of the Arkansas Rules of Criminal Procedure, and, in part, provides:

> [T]hat the above named person has committed the offense of violating the Arkansas Code of 1987 (as amended) 5-13-203 on or about the 25th day of March, 1992, committed by unlawfully with the purpose of causing physical injury to another person, he causes physical injury to another person, or recklessly causes physical injury to another person in Springdale, Arkansas, against the peace and dignity of the State of Arkansas.

The foregoing language tracks the language of the third degree battery statute. In another place the instrument recites that third degree battery is a class A misdemeanor. On the second page of the instrument, the affiant swore to the following statement:

On 3-25-92 at approximately 0015 after having been out drinking they went home to 1609 Steele and defendant became outraged. He began striking affiant with his fists blacking her eye and cutting the back of her head. He has threatened to kill her if she prosecutes him. He has beaten her often after having been drinking. She was referred to county prosecutor for felony terroristic threatening.

A deputy city attorney signed the instrument and acknowledged that the affiant executed the instrument before him. Following the deputy city attorney's signature there is a separate return reflecting that the municipal judge examined the instrument and found that it demonstrated reasonable cause for the issuance of an arrest warrant for the offense shown. On a separate form appellant acknowledged in writing that he received a trial notice from the municipal court that he was to be tried for third degree battery on July 1, 1992. The instrument signed by the affiant and the deputy city attorney meets all of the notice requirements of due process under the Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and it meets the notice requirements of Article 2, Section 10 of the Constitution of Arkansas. There may well be irregularities in the form of the instrument, but they are the sort of irregularities that are waived if not raised. Accordingly, we hold that the accused was not deprived of his constitutional rights to due process, and we affirm the judgment of conviction.

Affirmed.