John Eric ARCHER v. BENTON COUNTY CIRCUIT COURT,
The Honorable Tom J. Keith

CR 93-1284                                          872 S.W.2d 397

Supreme Court of Arkansas
Opinion delivered March 28, 1994

*Mashburn & Taylor*, by: *Scott E. Smith*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Petitioner, John Eric Archer, seeks a writ of prohibition against the Benton Circuit Court to prevent a trial on two counts of delivery of a controlled substance. The Benton Circuit Court denied petitioner's motion to dismiss the charges on speedy trial grounds, and he now seeks a writ of prohibition in this court pursuant to A.R.Cr.P. Rule 28.1(d). This court has jurisdiction of cases of prohibition. Ark. Sup. Ct. R. 1-2(a)(6). There is no merit to petitioner's argument, and we deny his request for a writ of prohibition.

A criminal defendant's constitutional right to a speedy trial is protected by Article VIII of the Arkansas Rules of Criminal Procedure (Rules 27 - 30). This court adopted Rule 28 for the purpose of enforcing the constitutional right to a speedy trial. *Mackey v. State*, 279 Ark. 307, 651 S.W.2d 82 (1983). Rules 28.1(c) and 28.2(a) require the state to bring a defendant to trial within one

year from the date a charge is filed in circuit court, unless prior to that time, the defendant has been arrested and is in custody or lawfully at liberty, in which case the defendant must be brought to trial within one year from the date he or she was arrested. *Lynch* v. *State*, 315 Ark. 47, 863 S.W.2d 834 (1993). Rule 30.1 provides that if a defendant is not brought to trial within the requisite time, he or she will be discharged, and the discharge constitutes an absolute bar to prosecution of the same offense and for any other offenses required to be joined with that offense.

The felony information filed against petitioner in Benton Circuit Court on March 1, 1993, accused him of committing two counts of delivery of marijuana in violation of Ark. Code Ann. § 5-64-401 (Supp. 1991), both Class C felonies, on September 27, 1991, and October 4, 1991. Petitioner was arrested on these charges on December 25, 1992, pursuant to a warrant. The arrest warrant was issued on April 16, 1992, after the Rogers Municipal Court judge determined probable cause existed according to an affidavit completed by the Rogers Police Department and signed by the deputy prosecuting attorney. The affidavit of probable cause was filed of record in Benton Circuit Court on April 16, 1992.

The sole issue presented in this case is the meaning of the phrase "the date the charge is filed" in Rule 28.2(a). The pertinent part of Rule 28 states as follows:

RULE 28.2. When Time Commences to Run.

The time for trial shall commence running, without demand by the defendant, from the following dates:

(a) from the date the charge is filed, except that if prior to that time the defendant has been continuously held in custody or on bail or lawfully at liberty to answer for the same offense or an offense based on the same conduct or arising from the same criminal episode, then the time for trial shall commence running from the date of arrest[.]

Petitioner contends the state filed charges against him on April 16, 1992, when the affidavit of probable cause to arrest him was filed in circuit court. Accordingly, petitioner argues that pursuant to A.R.Cr.P. Rules 28.1(c) and 28.2(a), the twelve-month

period for his trial began to run on April 16, 1992. Respondent also relies on Rule 28.2(a) but contends that charges were filed against him in circuit court when the information was filed on March 1, 1993. Thus, respondent argues the charges were filed after petitioner's arrest on December 25, 1992. Therefore, according to Rule 28.2(a), respondent argues the time for petitioner's trial began to run on the date of his arrest.

Rule 28.2(a) is silent with respect to which particular charging instruments must be filed to satisfy the requirement that charges are filed. This silence is no doubt due to the fact that the requisite charging instruments in any case vary according to the classification of the crimes charged and the jurisdiction of the charging courts. The Arkansas Constitution provides that no one shall be held to answer a criminal charge unless on the presentment or indictment of a grand jury, except for those cases which the General Assembly makes cognizable by justices of the peace or courts of similar jurisdiction. Ark. Const. art. 2, § 8. Amendment 21 to the Arkansas Constitution provides that an offense which previously had to be charged by grand jury indictment may now be charged by information filed by the prosecuting attorney. Thus, only felonies must be charged by grand jury indictment or by information filed by the prosecuting attorney. Ark. Const. art. 2, § 8; amend. 21; *Long* v. *State*, 284 Ark. 21, 680 S.W.2d 686 (1984). City attorneys cannot file felony charges, and municipal courts are without jurisdiction to try felony cases. *Hagen* v. *State*, 315 Ark. 20, 864 S.W.2d 856 (1993). The requirements for informations and indictments are set out in Ark. Code Ann. § 16-85-403 (Supp. 1993) and Ark. Const. art. 7, § 49. *Id.*

Misdemeanors and violations of city ordinances need not be charged by information or indictment. *Lovell* v. *State*, 283 Ark. 425, 678 S.W.2d 318 (1984); *Burrow* v. *Hot Springs*, 85 Ark. 396, 108 S.W. 823 (1908). Pursuant to Article III of the Arkansas Rules of Criminal Procedure, these lesser charges may be charged by the issuance of a warrant, citation, or summons to command an accused to court. *Hagen*, 315 Ark. 20, 864 S.W.2d 856. City attorneys can file charging instruments in municipal court for misdemeanor violations of state or city law committed within the jurisdiction of the municipal court. *Id.* (citing Ark. Code Ann. § 14-42-112(c) (Supp. 1993)).

Petitioner relies on our recent decision in *Hagen*, 315 Ark. 20, 864 S.W.2d 856, which held that a city attorney's form affidavit of probable cause to arrest constituted a sufficient charging instrument to protect Hagen's due process right to be charged with the misdemeanor for which he had been convicted. Petitioner contends that *Hagen* should be extended to apply to his felony case so that the probable cause affidavit filed against him in circuit court constituted a valid charging instrument to begin the running of the time for speedy trial. Petitioner emphasizes the similarities in the two cases by noting that the affidavit of probable cause in his case meets the requirements of a valid charging instrument as set out in *Hagen*.

We do not agree that *Hagen* applies to petitioner's case. The situation in *Hagen* and the facts before us are substantially different. *Hagen* involved a misdemeanor charge, and informations or indictments are not required for misdemeanors. *Long*, 284 Ark. 21, 680 S.W.2d 686; *Lovell*, 283 Ark. 425, 678 S.W.2d 318. Petitioner has been accused of two felonies and has a state constitutional right to be charged by indictment or information. Thus, different considerations apply in determining what constitutes a valid charging instrument in his case.

Petitioner's right to receive notice of the felony charges against him are protected by Ark. Const. art. 2, § 8, and amend. 21, which require those criminal charges to be filed by indictment or information. Therefore, we hold that for purposes of his speedy trial rights and Rule 28.2(a), the date charges were filed against petitioner is the date the felony information was filed in circuit court, March 1, 1993.

Having determined the date charges were filed against petitioner was the date the information was filed in circuit court, we agree with the state's contention that the date of appellant's arrest is the date the time for speedy trial began to run. A.R.Cr.P. Rule 28.2(a). Petitioner was arrested and lawfully at liberty on his recognizance when the information was filed on March 1, 1993. According to Rule 28.2(a), charges were filed after his arrest, and the twelve-month period for his trial began to run on the date of his arrest, December 25, 1992.

Petitioner moved the circuit court for dismissal on

speedy trial grounds on August 13, 1993. The trial court entered an order denying petitioner's motion to dismiss on November 19, 1993. Even assuming arguendo that there were no excludable periods charged to petitioner, the time for his speedy trial had not yet expired. Thus, petitioner did not make the requisite showing that his trial was scheduled to begin after the speedy-trial period had expired. *See State* v. *McCann*, 313 Ark. 286, 853 S.W.2d 886 (1993). The trial court did not err in denying his motion to dismiss.

■ Petitions for writs of prohibition will only be granted when clearly warranted. *Rhodes* v. *Capeheart*, 313 Ark. 16, 852 S.W.2d 118 (1993). Petitioner has not demonstrated that his speedy trial rights were violated, and a writ of prohibition is therefore not warranted.

Petition denied.