Heath KENNEDY *v*. STATE of Arkansas

CR 97-931                                              991 S.W.2d 606

Supreme Court of Arkansas
Opinion delivered June 10, 1999
[Petition for rehearing denied September 9, 1999.]

126

*Jeff Rosenzweig*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., and *James Gowen*, Law Student Admitted to Practice Pursuant to Rule XV(E)(1)(b) of the Rules Governing Admission to the Bar, for appellee.

P ER CURIAM. The appellant, Heath Kennedy, was convicted of capital felony murder and was sentenced to a term of life in prison without parole. We affirmed the conviction and sentence in *Kennedy v. State*, 325 Ark. 3, 923 S.W.2d 274 (1996). Kennedy subsequently filed a timely petition for postconviction relief pursuant to Arkansas Criminal Procedure Rule 37. The Circuit Court denied relief on all of the claims in Kennedy's petition, and Kennedy now appeals that order. We affirm.

The capital felony murder charge that was filed against Kennedy arose from his participation in the robbery of a Subway Sandwich Shop in El Dorado. During the robbery, the cashier on duty, Leona Cameron, was shot and killed by Kennedy's accomplice, Wade Miller. During the trial, Kennedy's defense to the capital murder charge was that he did not know of Miller's intentions to use the gun or shoot anyone, that he protested when Miller pulled out the gun during the robbery, and that he had no role in the fatal shooting of Ms. Cameron. In a manner consistent with this defense, Kennedy's trial counsel sought to have the jury instructed on robbery as a lesser included offense of capital felony murder. She argued that a rational basis for the instruction existed in evidence that indicated that Kennedy told both law enforcement officials and a friend that while he participated in the robbery, he did not commit the homicidal act, and that in light of this evidence, the jury should be given the option of acquitting Kennedy of the homicidal act and finding him guilty of robbery. Trial counsel also cited two cases from this court, *Mullins v. State*, 303 Ark. 695, 799 S.W.2d 550 (1990) and *Carmichael v. State*, 296 Ark. 479, 757 S.W.2d 944 (1988), and Ark. Code Ann. § 5-1-110, that support the proposition that robbery, as the underlying offense for the capital felony murder charge, is a "lesser included offense" that the jury may be instructed to consider. The trial court, finding that robbery is not a lesser included offense of capi-

tal felony murder, denied the instruction. Kennedy did not assign error to the denial of the instruction in the direct appeal.

In his petition for postconviction relief, Kennedy alleged that the trial judge committed fundamental error when he refused to allow the defense to proffer an instruction for robbery, the underlying felony of the capital murder charge, as a lesser included offense of capital felony murder. Kennedy also alleged that, in the alternative, his trial counsel was ineffective for not citing certain cases from this court and United States Supreme Court in support of the instruction, and for not seeking an instruction for aggravated robbery as well as robbery. Kennedy also alleged that his appellate counsel was ineffective for not assigning error to the trial court's ruling and fully briefing the argument on appeal. Kennedy now assigns error to the Circuit Court's denial of relief on these claims.

Kennedy first argues that the Circuit Court erroneously denied relief on his allegation that the trial court committed fundamental constitutional error when it refused to instruct the jury on robbery as a lesser included offense of the capital felony murder charge. The trial court refused to so instruct the jury because it concluded that robbery was not a lesser included offense of capital felony murder. In this appeal, Kennedy asserts an interpretation of our case law and Ark. Code Ann. § 5-1-110 that supports the notion that robbery is a lesser included offense of capital felony murder.

The State, in response, first contends that Kennedy cannot raise this issue in a Rule 37 proceeding. According to the State, Kennedy's argument is an allegation of trial error that should have been raised on direct appeal, and for that reason, is not a cognizable claim for postconviction relief. Kennedy, on the other hand, contends that he can raise the issue on the basis that the right to have the jury instructed on lesser included offenses that are supported by a rational basis in the evidence is a fundamental right, and as such, a violation of that right can be raised in a Rule 37 proceeding. As authority for his argument, Kennedy cites *Beck v. Alabama*, 447 U.S. 625 (1980).

■ ■ We have previously held that even constitutional issues must be raised in the trial court and on direct appeal, rather than in Rule 37 proceedings. *Finley v. State*, 295 Ark. 357, 748 S.W.2d 643 (1988). Rule 37 is a postconviction remedy, and as such, does not provide a method for the review of mere error in the conduct of the trial or to serve as a substitute for appeal. *Hulsey v. State*, 268 Ark. 312, 595 S.W.2d 934 (1980). We have made an exception, however, for errors that are so fundamental as to render the judgment of conviction void and subject to collateral attack. *Collins v. State*, 324 Ark. 322, 920 S.W.2d 846 (1996). In *Collins*, for example, we held that the right to trial by a twelve-member jury is a fundamental right that fell within the exception.

■ As indicated above, Kennedy asserts that the right to have the jury instructed on all lesser included offenses that are supported by a rational basis is a fundamental right, and therefore, a trial error involving a violation of that right can be raised for the first time in a proceeding under Rule 37. In support of this assertion, Kennedy cites *Beck v. Alabama, supra*, in which the Supreme Court held that an Alabama statute that prohibited lesser included offense instructions in capital cases was unconstitutional because it violated the Eighth Amendment. Kennedy further argues that our cases have recognized the importance of lesser included offense instructions because we have previously held that the jury must be so instructed even when there is the "slightest evidence" to support a finding of a lesser included offense. We conclude that the right to have the jury instructed on all lesser included offenses supported by the evidence is not a fundamental right that warrants review of the omission of such instructions for the first time in a Rule 37 proceeding.

In *Beck*, the Supreme Court had to apply constitutional principles to the Alabama death penalty statute. In that case, Beck was charged with the capital offense of robbery-intentional killing, or "robbery or attempts thereof when the victim is intentionally killed by the defendant." Beck's own testimony revealed that along with an accomplice, he participated in the robbery of an eighty-year-old man in his home. He maintained, however, that he did not participate in killing the victim. According to Beck, as

he was attempting to bind the victim with rope, his accomplice unexpectedly struck the victim, causing his death.

Under the Alabama death-penalty statute, the requisite intent to kill could not be supplied by the felony murder doctrine. Felony murder was therefore a lesser included offense of the capital crime of robbery—intentional killing. The death penalty statute also prohibited, however, the trial judge from giving the jury the option of convicting the defendant of a lesser included offense. Instead, the jury was given the choice of either convicting the defendant of the capital crime, in which case it was required to impose the death penalty, or acquitting him, therefore allowing him to escape all penalties for his alleged participation in the crime. The Supreme Court held that the statute was unconstitutional under the Eighth Amendment because it reasoned that a jury that believed that the defendant was innocent of the capital charge, yet not completely without guilt in the criminal episode, could chose to convict the defendant of the capital offense in the absence of other alternatives. *Beck v. Alabama*, 447 U.S. at 627-629.

This case differs substantially from *Beck* because the jury was not given an "all or nothing" choice as it determined the degree of Kennedy's responsibility for Ms. Cameron's death. The record reveals that the jury was instructed to determine Kennedy's guilt according to both premeditated capital murder and capital felony murder with robbery as the underlying felony. Additionally, the jury was also instructed to consider the lesser included instructions of first-degree felony murder, second-degree murder, and manslaughter. In contrast to the situation in *Beck*, the trial court only withheld a single alternative instruction from the jury, whereas the jury in *Beck* could chose between only the death penalty and complete acquittal. Consequently, *Beck* provides no support for the proposition that the omission of a single lesser included instruction from the jury, when others have been given, is a fundamental error that would render the judgment void or subject to collateral attack.[1]

---

[1] In *Schad v. Arizona*, 501 U.S. 624 (1991), the Supreme Court underscored the limited holding of *Beck*, and its inapplicability to cases where other lesser included offense

■ There is also no support in Arkansas case law for the proposition that the denial of a single lesser included instruction, where others have been given, is fundamental error. We have clearly indicated that we would not apply the harmless-error analysis when a fundamental right is violated. *Hagen v. State*, 315 Ark. 20, 864 S.W.2d 856 (1993). In *Gidron v. State*, 316 Ark. 352, 872 S.W.2d 64 (1994), however, we held that the failure to instruct on a lesser included offense is harmless error where a jury has been instructed on some lesser included offense, yet convicted the defendant on a greater one. Accordingly, we decline to hold that the right to a single lesser included offense instruction is a fundamental right, and Kennedy is therefore precluded from assigning error to the denial of that instruction for the first time in a Rule 37 proceeding.

Kennedy makes the alternative arguments that his trial counsel was ineffective for not arguing more vigorously for the submission of the robbery instruction and for not seeking an instruction on aggravated robbery, and that appellate counsel was ineffective for not raising the denial of the instruction as a allegation of error

---

instructions are given. In that case, the defendant was charged with first-degree felony murder with robbery as the underlying felony. The jury was given the option of convicting Schad of the lesser included offense of second-degree murder. Schad, citing *Beck*, sought to have robbery also submitted as a lesser included offense of first-degree felony murder. Without deciding whether robbery is a lesser included offense of first-degree felony murder, the Supreme Court explained how its decision in *Beck* could be of no help to Schad:

> Unlike the jury in *Beck*, the jury here was given the option of finding petitioner guilty of a lesser included noncapital offense, second degree murder. While petitioner cannot, therefore, succeed under the strict holding of *Beck*, he contends that the due process principles underlying *Beck* require that the jury in a capital case be instructed on every lesser included instruction supported by the evidence, and that robbery was such an offense in this case.
>
> Petitioner misapprehends the conceptual underpinnings of *Beck*. Our fundamental concern in *Beck* was that a jury convinced that the defendant committed some violent crime but not convinced that he was guilty of a capital crime might nonetheless vote for a capital conviction if the only alternative was to set the defendant free with no punishment at all. . . . We repeatedly stressed the all-or-nothing nature of the decision with which the jury was presented. . . . The central concern of *Beck* simply is not implicated in the present case, for petitioner's jury was not faced with an all-or-nothing choice between the offense of conviction (capital murder) and innocence.

in the direct appeal. To this end, Kennedy argues that robbery is a lesser included offense of capital felony murder. We need not decide that issue, however, in order to resolve the ineffective-assistance-of-counsel claims.

■ To prevail on a claim of ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. Second, the petitioner must show that the deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must show there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, *i.e.*, the decision reached would have been different absent the errors. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. In making a determination on a claim of ineffectiveness, the totality of the evidence before the judge or jury must be considered. *Strickland v. Washington*, 466 U.S. 668 (1984).

■ Kennedy desired the robbery instruction in the event that the jury found him guilty of the robbery, but agreed with his defense that he had no part in the homicide. The record reveals, however, that the jury was instructed to consider an affirmative defense according to Ark. Code Ann. § 5-10-101(b), (Supp. 1995), which provides:

> It is an affirmative defense to any prosecution under subdivision (a)(1) of this section for an offense in which the defendant was not the only participant that the defendant did not commit the homicidal act or in any way solicit, command, induce, procure, counsel, or aid its commission.

According to this instruction, if the jury found that Kennedy did not participate in the homicidal act, it would have acquitted him of capital felony murder. Under these circumstances, it hardly seems desirable to still be subject to conviction for robbery. Therefore, trial counsel did not perform deficiently by failing to seek to have the jury instructed on aggravated robbery or for not arguing more vigorously for the submission of the robbery instruction. Likewise, appellate counsel was not ineffective for omitting the denial of the instruction from the assignments of error argued in the direct appeal.

Affirmed.