2012 Ark. App. 496

**Billy Joe CLARK, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 11–659.**

Court of Appeals of Arkansas.

Sept. 19, 2012.

Crumpton & Collins, P.A., Cabot, by: Greg Crumpton, for appellant.

Dustin McDaniel, Att'y Gen., by: Rebecca B. Kane, Ass't Att'y Gen., for appellee.

ROBERT J. GLADWIN, Judge.

This is the second attempt [1] by appellant, Billy Joe Clark, to appeal his conviction on a charge of second-degree assault in the Woodruff County Circuit Court for which he was sentenced to fifteen days in the Woodruff County jail and fined $1000. Appellant argues that his conviction should be reversed because the charging instrument, an arrest warrant, did not comply with Arkansas Rule of Criminal Procedure 7.1(c) (2009) because it was issued without an independent judicial determination of probable cause. He also argues that the trial court erred in suppressing certain testimony. We affirm.

Appellant, a police officer, was arrested on a charge of misdemeanor second-degree assault in violation of Arkansas Code Annotated section 5–13–206 (Repl.2006) on allegations of choking an arrestee, Mr. Shelly Gibson, during the booking process. Appellant was represented by counsel and convicted in district court on October 2, 2009. His trial counsel claimed that the State did not file an information but instead charged appellant by virtue of an affidavit for warrant of arrest that was notarized, not by the district-court clerk, but rather, by the circuit-court clerk. At the de novo appeal of appellant's misdemeanor conviction in the Woodruff County Circuit Court, no valid arrest warrant was presented in response to appellant's argument that the circuit court lacked jurisdiction by virtue of the afore-referenced ineffective charging document. The jury found appellant guilty of second-degree as-

---

1. On January 18, 2012, we ordered rebriefing because appellant failed to comply with Arkansas Supreme Court Rule 4–2(a)(8) (2011) by failing to include in his addendum any of the relevant documents from the original Woodruff County District Court proceeding. *See Clark v. State*, 2012 Ark. App. 60, 2012 WL 147878.

sault and sentenced him as previously set forth pursuant to a judgment filed on April 4, 2011. Appellant filed a timely notice of appeal on the same day.

Subsequent to filing his appellate brief, counsel was contacted by Mr. John Bell, who prosecuted both the misdemeanor case and the de novo appeal. Mr. Bell informed appellant's counsel that a valid arrest warrant existed in the records of the Woodruff County District Court, Augusta Division, the court that initially convicted appellant of misdemeanor second-degree assault. The warrant, however, was neither made a part of the abstract or addendum nor submitted to contradict appellant's argument in circuit court that the affidavit for warrant of arrest constituted an ineffective charging document under Arkansas law. Because appellant's counsel believed that the failure to bring the charging document to the court's attention would violate Arkansas Rule of Professional Conduct 8.4(c) (2012), appellant sought and was granted leave to file a second supplemental addendum, which he did on March 14, 2012.

The Second Supplemental Addendum contains two documents, one being the affidavit for warrant of arrest notarized by the circuit-court clerk. Also included is the arrest warrant signed by Special Judge Teresa L. Hughes, the judge assigned to the misdemeanor trial in Woodruff County District Court, Augusta Division,[2] which was not argued by Mr. Bell at the de novo appeal in circuit court or known to appellant's counsel prior to filing appellant's brief herein.

### I. Effectiveness of Arrest Warrant

A person convicted of a criminal offense in a district court may appeal the judgment of conviction to the circuit court for the judicial district in which the conviction occurred pursuant to Arkansas Rule of Criminal Procedure 36 (2012). In criminal cases, it is the duty of the district-court clerk to prepare and certify the record upon written request by the defendant; it is the duty of the defendant to file the certified record with the circuit court upon its preparation by the district-court clerk. Ark. R.Crim. P. 36(c). The record is to include at a minimum a certified copy of the district-court docket sheet. *Id.* An appeal from a judgment of conviction in a district court shall be tried de novo in the circuit court as if no judgment had been rendered in the district court. Ark. R.Crim. P. 36(g). A de novo trial is defined as "[t]rying a matter anew; the same as if it had not been heard before and as if no decision had been previously rendered." *Black's Law Dictionary* (5th Ed.). Rule 36 does not place the burden on the defendant to file any paperwork from the district court he considers to be pertinent to his appeal. *See, e.g., McNabb v. State,* 367 Ark. 93, 238 S.W.3d 119 (2006) (interpreting a de novo criminal appeal pursuant to Arkansas District Court Rule 9 prior to adoption of Rule 36 on May 11, 2006). It does, conversely, require the district-court clerk to prepare and certify the record.

Appellant argues that the arrest warrant was ineffective because it neither charged him with a criminal offense nor gave the lower court or this court jurisdiction. He acknowledges that misdemeanors and violations of city ordinances need not be charged by information or indictment. *Lovell v. State,* 283 Ark. 425, 678 S.W.2d 318 (1984). Pursuant to Article III of the Arkansas Rules of Criminal Proce-

2. We note that the arrest warrant included in the second supplemental addendum appears to be a facsimile copy that is neither file-marked nor otherwise marked as part of the record in this matter.

dure, these lesser charges may be charged by the issuance of a warrant, citation, or summons to command an accused to court.

There is a presumption on trial that an offense charged was committed within the jurisdiction of the court. Ark. Code Ann. § 16–88–104 (Repl.2005). Appellant submits that this statute inherently requires that there be a charge before there can be jurisdiction, or even the presumption of jurisdiction. If a court lacks jurisdiction, an attempt to make a further order is void and the issue of jurisdiction may be raised at any time. *Pike v. State,* 344 Ark. 478, 40 S.W.3d 795 (2001). Under Arkansas Criminal Rule of Procedure 7.1 (2012), only a judicial officer or clerk of the court (or his deputy) authorized by a judicial officer may issue an arrest warrant. Arkansas Criminal Rule of Procedure 7.2(a)(iii) requires the issuing official to sign the warrant with the title of his office and the date of issuance.

In *Van Daley v. State,* 20 Ark.App. 127, 725 S.W.2d 574 (1987), this court rejected an argument that charges should be dismissed, because the clerk did not receive authority from a judicial officer before issuing the arrest warrant. In doing so, this court stated that the only purpose of an arrest warrant is to have an accused arrested and brought before the judge or other officer issuing the warrant so that he may be dealt with in accordance to law. *Id.* Appellant argues that the instant case is distinguishable from *Van Daley* for two reasons. First, the warrant in *Van Daley* was signed by an appropriate party. Second, the prosecutor in *Van Daley* filed a charging instrument, so the arrest warrant served only one purpose.

Here, appellant claims that the only file-marked charging instrument—the arrest warrant filed on October 7, 2009—was in-effective because it was not signed by either a judicial officer or the clerk of the district court. Instead, it was merely file-marked by the circuit clerk. The charging instrument stated "See Attachment" on the line intended for the signature of the judge or clerk of the court and for the line intended for the signature of the officer of service. Because of the deficiencies noted above, appellant urges that he was not properly charged, and accordingly, the conviction should be declared void and his case dismissed for lack of a charge and lack of jurisdiction.

Appellant adds in his supplemental argument that the State's failure to contradict his argument in the Woodruff County Circuit Court [3]—that the affidavit for warrant of arrest was an ineffectual charging document—constituted a waiver of that argument by the State. Specifically, appellant asserts that the State, in response to appellant's original argument on appeal, argued that the affidavit for warrant of arrest was indeed an effective charging document, but appellant notes that the State failed to produce—and indeed had no knowledge of—the warrant of arrest cited herein at the de novo trial in circuit court. Accordingly, appellant asks that this court analyze his argument as it was made at the trial de novo and that the arrest warrant cited at page one of the second supplemental addendum not be considered in this court's analysis of appellant's argument made and preserved at the trial de novo and made herein.

We disagree and hold that the issues related to the charging instrument do not support a reversal of appellant's conviction. Appellant's prosecution commenced on February 26, 2009, when the warrant of arrest, based on the affidavit for warrant of arrest, was issued. A

---

3. This was a trial de novo of the initial misde-meanor conviction.

"prosecution is commenced when an arrest warrant or other process is issued based on a charging instrument." Ark.Code Ann. § 5–1–109(f) (Repl.2006). The Arkansas Rules of Criminal Procedure provide for the issuance of a warrant, citation, or summons to command an accused to court on a misdemeanor charge. *Hagen v. State,* 315 Ark. 20, 864 S.W.2d 856 (1993). An affidavit for an arrest warrant may be a sufficient charging instrument for filing a misdemeanor charge. *Watson v. State,* 358 Ark. 212, 188 S.W.3d 921 (2004). An information or indictment is not necessary for a misdemeanor charge. *See Hagen, supra.*

The purpose of an arrest warrant is to have an accused arrested and brought before the judge or other officer issuing the warrant so that he may be dealt with according to law. *State v. Richardson,* 373 Ark. 1, 280 S.W.3d 20 (2008). The purpose of a charging instrument is to inform the defendant and the court of the offense charged and to protect against double jeopardy. *Hagen, supra.* In this case, the arrest warrant summoned appellant to appear, and the affidavit for warrant of arrest charged appellant with the offense. A charging instrument is constitutionally valid if it is "specific enough to: (1) inform the defendant of the charge he is called upon to answer, (2) inform the court of a definite offense, and (3) protect the defendant against double jeopardy." *Hagen,* 315 Ark. at 23–4, 864 S.W.2d at 858.

Appellant does not assert that the affidavit was an invalid charging instrument based on its failure to meet these constitutional notice requirements, but rather argues that the affidavit for warrant of arrest was ineffective as a charging instrument because it was not signed by a judicial officer. A prosecuting attorney is not required to receive judicial approval prior to filing a charging instrument whether it is in the form of an information, indictment, affidavit for warrant of arrest, or citation. *See State v. Brooks,* 360 Ark. 499, 202 S.W.3d 508 (2005) (citing *Nance v. State,* 323 Ark. 583, 595, 918 S.W.2d 114, 119 (1996)).

We hold that appellant's challenge to the circuit court's jurisdiction, based on the failure of a judicial officer to authorize the clerk's issuance of the arrest warrant, is meritless. *See Van Daley, supra.* A court's jurisdiction to try an accused does not depend upon the validity of the arrest warrant. *Biggers v. State,* 317 Ark. 414, 878 S.W.2d 717 (1994). Once a defendant is brought before the court and charged, the warrant has performed its function and has no operation on the subsequent proceedings. *See Richardson, supra.* Appellant's argument that the State waived reliance on the arrest warrant that was filed as a supplement is meritless because the State does not rely on it.

## II.  *Exclusion of Expert Testimony Concerning Defensive Tactics*

The decision to admit or exclude evidence is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Grant v. State,* 357 Ark. 91, 161 S.W.3d 785 (2004). An abuse of discretion is a high threshold that does not simply require error in the trial court's decision, but requires that the trial court acted improvidently, thoughtlessly, or without due consideration. *Id.* Moreover, an appellate court will not reverse a trial court's evidentiary ruling absent a showing of prejudice. *Harris v. State,* 366 Ark. 190, 234 S.W.3d 273 (2006).

Special Agent Phillip Hydron of the Arkansas State Police was requested by Woodruff County law enforcement to conduct an independent investigation to deter-

mine whether appellant committed any criminal act in his handling of Mr. Gibson. The State filed a motion in limine to preclude appellant from asking Special Agent Hydron questions regarding his conclusions or recommendations as to the appropriate charges in this case. Appellant argued in his response to the motion and during a pretrial hearing that unfair prejudice would result if the jury knew that an investigation had been conducted but was not informed of the exculpatory results of that investigation. Appellant further argued that, due to the exculpatory nature of Special Agent Hydron's opinion and expertise, the exclusion of his opinion that appellant did not commit a criminal offense violated his right to due process. The trial court granted the State's motion in limine, ruling that charging decisions were outside the purview of law-enforcement officers.

The State did not call Special Agent Hydron to testify during its case-in-chief, and appellant renewed his objection to the exclusion of Special Agent Hydron's charging recommendations after the State rested. The trial court clarified that the only evidence excluded was Special Agent Hydron's opinion whether appellant's actions constituted criminal activity. The trial court allowed appellant to proffer Special Agent Hydron's testimony. Special Agent Hydron's testified that he did not believe appellant had committed a criminal offense based in part on his opinion that appellant's hand position, as reflected in the booking photographs introduced as State's Exhibits 3 and 4 was consistent with pressure-point control tactics ("PPCT") taught to law-enforcement officers.

During direct examination in appellant's case-in-chief, Special Agent Hydron testified that he was a certified defensive-tactics instructor in PPCT and violent-encounter resolution skills ("VERS"). As appellant's counsel began questioning Special Agent Hydron regarding appellant's hand positioning as reflected in State's Exhibits 3 and 4, the State objected on the grounds that, regardless of any area of expertise, he was a fact witness who was not qualified to testify as to whether appellant's actions constituted a criminal offense. The trial court sustained the objection, and appellant passed the witness without further questioning or argument to the trial court. Appellant did not request that the trial court clarify whether Special Agent Hydron was precluded from giving any opinion testimony or only opinion testimony regarding the appropriate charging decision. Appellant renewed his objections at the end of his case-in-chief.

Appellant argues that the trial court acted thoughtlessly and without due consideration in excluding Special Agent Hydron's testimony regarding appellant's defensive tactics and finger positioning by cutting off appellant's response to the State's objection before appellant's counsel had even finished his first sentence. He contends that this exclusion was a violation of his due-process and compulsory-process rights under the U.S. Constitution and should have been allowed under the Arkansas Rules of Evidence.

### A. Constitutional Argument

In *Crane v. Kentucky,* 476 U.S. 683, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986), the Supreme Court provided that the Due Process Clause of the Fourteenth Amendment and the Compulsory Process Clause of the Sixth Amendment, both of the U.S. Constitution, guarantee criminal defendants a meaningful opportunity to present a complete defense. The Arkansas Constitution contains the same clauses found at article 2 section 8 and article 2 section 10, respectively. Under *Holder v. State,* 354 Ark. 364, 124 S.W.3d 439 (2003), in Arkansas, a criminal defendant claiming to be deprived

of the right to compulsory process must show that the excluded evidence would be material and favorable to his case.

■ Appellant was convicted of misdemeanor second-degree assault for his actions in restraining an intoxicated Mr. Gibson for his booking pictures, which were required by law. The evidence presented at trial included the required booking pictures, which show appellant's hand around the neck area of Mr. Gibson. Appellant claims that he was deprived of the opportunity to have his finger positioning explained by an unbiased expert witness with expertise in the field of defensive tactics.

■ We disagree. A party is bound on appeal by the nature and scope of the objections and arguments presented below. *Reed v. State*, 2011 Ark. App. 352, 383 S.W.3d 881. Our law is well settled that issues raised for the first time on appeal, even constitutional ones, will not be considered because the trial court never had an opportunity to make a ruling. *Green v. State*, 362 Ark. 459, 209 S.W.3d 339 (2005). Appellant failed to preserve his argument that the trial court erred in excluding Special Agent Hydron's expert opinion regarding appellant's use of PPCT because it was not raised in a timely manner thereby giving the trial court an opportunity to admit opinion testimony regarding matters other than the ultimate issue. *See Vance v. State*, 2011 Ark. 243, 383 S.W.3d 325.

Additionally, we note that the trial court did not keep appellant from eliciting Special Agent Hydron's opinion regarding appellant's hand positioning in the booking photographs; that testimony was precluded by appellant's failure to argue that this opinion, unlike his opinion as to the appropriate charging decision, was within his purview or area of expertise.

### B. Rules of Evidence Argument

■ Under Rule 403 (2010) of the Arkansas Rules of Evidence, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of having an unfair prejudicial impact on the jury, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. The general test of admissibility of expert testimony is whether it will assist the trier of fact in understanding the evidence or determining a fact in issue, or, stated differently, whether the trier of fact can receive aid from such testimony. *Utley v. State*, 308 Ark. 622, 826 S.W.2d 268 (1992).

■ Special Agent Hydron explained in proffered testimony that appellant's fingers were "out bound" and were not in a position to choke somebody. Appellant argues that this factual exculpatory testimony, based on an expert's observance of finger and hand positioning, would have had neither a prejudicial impact on the jury nor any of the other effects considered under Rule 403. He maintains that the testimony was extremely probative as it would have considerably aided the jury to make a more informed decision, knowing the difference between "out bound" fingers and fingers in a position to choke somebody—or otherwise in a position with a substantial risk of causing physical injuries.

The State's argument to the trial court was that the testimony was inadmissible because Special Agent Hydron was not there to give opinions, but instead to reveal the facts of his investigation. Appellant submits that Special Agent Hydron's proffered testimony was not based on opinion, but on facts that he was able to explain due to his training and experience and observations of the photographs. He concludes that the trial court abused its

discretion and erred in finding that the expert testimony was more prejudicial than probative and that the trial court gave no consideration to the impact that the photographs may have had in the absence of expert testimony explaining the actual positioning of appellant's fingers.

Arkansas Rule of Evidence 704 governs expert opinions touching on the ultimate issue and provides that testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. Arkansas Rule of Evidence 702 (2010) provides that a witness qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. It is within the trial court's discretion to determine whether a witness possesses specialized knowledge qualifying him or her to testify as to a factual issue, and, absent an abuse of discretion, the trial court's decision will not be reversed on appeal. *See Whaley v. State*, 11 Ark.App. 248, 669 S.W.2d 502 (1984). Abuse of discretion is a high threshold that does not simply require error in the trial court's decision, but requires that the trial court act improvidently, thoughtlessly, or without due consideration. *Grant v. State*, 357 Ark. 91, 161 S.W.3d 785 (2004). Even assuming that Special Agent Hydron was qualified to testify as to the appropriate charging decision, the proffered testimony was properly excluded as it would have invaded the role of the jury as to the determination of the ultimate issue. *See Laswell v. State*, 2012 Ark. 201, 404 S.W.3d 818; *Flowers v. State*, 362 Ark. 193, 208 S.W.3d 113 (2005); Ark. R. Evid. 702.

Affirmed.

MARTIN, J., agrees.

HART, J., concurs.

JOSEPHINE LINKER HART, Judge, concurring.

I agree that this case should be affirmed, but I write separately because I disagree with how the majority disposes of the evidentiary issue regarding the exclusion of Special Agent Hydron's testimony. In my view, the argument that Clark makes on appeal is simply not preserved.

The trial court's ruling in limine precluded Hydron from testifying about his conclusion that, after investigating the incident in question, Officer Clark did not commit a criminal offense. Clark called Hydron in his case in chief. He elicited testimony from Hydron that Hydron was a defensive-tactics expert who instructed police officers in "pressure point control tactics" and "violent encounter resolution skills." Hydron testified that he learned these skills at an instructor's course, where he earned a certification. He also testified that he had previously testified in court as an expert witness in three cases. Clark, however, did not ask the trial court to recognize Hydron as an expert.

When Hydron was asked about Clark's hand position on the booking photo of the alleged victim, the State objected. The following exchange took place:

MR. CRUMPTON (for the defense): Is it your understanding that the hand in the picture, whose hand is that?

MR. LONG (for the State): Judge, the pictures speak for themselves. We all agree whose hand it is, who it's a picture of. Beyond that, they speak for themselves, and based on the Court's previously [sic] rulings, I object to this line of examination. In other words, tell the jury what they see. They can look at it.

MR. CRUMPTON: Your honor, he's just testified he's an expert in that field. He can, may we approach, your honor?

THE COURT: You may.

MR. LONG: I don't care if he's a thermal [sic] nuclear physicist. He's here to give fact testimony. He—

MR. CRUMPTON: I mean—(inaudible).

MR. LONG: May I be allowed to continue with my objection, your honor?

THE COURT: Yes, sir.

MR. LONG: I don't care if he's a thermal [sic] nuclear physicist. He's here to testify as a fact witness. He is not qualified to give testimony on whether something is or is not a battery or assault in the first degree or assault in the second degree or assault in the third degree because those are mixed questions of law and fact, which this jury will decide after it has heard the facts and been properly instructed on the law by this jury [sic]. This is an attempt by defense counsel to invade the providence [sic] of the jury, and I object to it.

MR. CRUMPTON: Can I? We have a picture the State has introduced.

THE COURT: Objection is sustained.

MR. CRUMPTON: Mr. Hydron, I'm going to go ahead and—

THE COURT: Lawyers, we're taking a recess. (Whereupon the following was had in chambers.)

THE COURT: There is a major trial over there in Monroe County. It is serious. It is aggravated robbery or something like that. We're not going to finish with Hydron today. I'm going to let him go. I'm not going to conclude this case today. I see now it ain't going to happen. We're going to recess this trial and resume this trial on Monday. But what I'm waiting to address, would you ask Hydron to step in.

When the trial resumed, Clark's counsel simply passed the witness without any further questions. It is obvious from the foregoing quotation that if it was Clark's intention to make what I believe is a very sound argument on appeal, it was not made or ruled on at trial. The argument that the trial court did rule on—the objection made by the State—is the argument that the majority has affirmed. The only problem is, it is not the argument that Clark makes on appeal.