SLIP OPINION

Cite as 2014 Ark. App. 631

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-14-413

| | | |
|---|---|---|
| | | **OPINION DELIVERED** NOVEMBER 12, 2014 |
| BILLY A. FEWELL | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. 60CR-13-3702] |
| V. | | HONORABLE BARRY ALAN SIMS, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Billy Fewell appeals the January 21, 2014 order of the Pulaski County Circuit Court that dismissed and remanded his appeal from a conviction in the North Little Rock District Court. He argues that the circuit court erred in dismissing his appeal, and in denying his due-process rights and his right to self-representation. We affirm.

On October 17, 2013, appellant appeared before the North Little Rock District Court charged with the offense of property-maintenance violation, and he was found guilty. On November 4, 2013, appellant appeared pro se to the North Little Rock District Court Clerk and made a verbal request to appeal the judgment to the Pulaski County Circuit Court. No written document from appellant was required by the district-court clerk, who processed appellant's verbal request to appeal and prepared and certified the required record. A package of documents was presented to appellant by the district-court clerk, and appellant

was instructed to deliver the package of documents to the circuit-court clerk. The circuit-court clerk accepted the documents and assumed jurisdiction of the case. Upon inquiry, appellant was informed that no further action was required.

Subsequent to the presentation of documents to the circuit-court clerk, appellant received a notice of court date for the purpose of plea and arraignment. On January 21, 2014, appellant appeared in Pulaski County Circuit Court, at which time the North Little Rock municipal prosecuting attorney objected to the case going forward because he had not received "a certified copy" in accordance with Arkansas Rule of Criminal Procedure 36(c) (2013). At that time the appeal was dismissed and remanded to district court for imposition of sentence according to the judgment previously entered.

A person convicted of a criminal offense in a district court may appeal the judgment of conviction to the circuit court for the judicial district in which the conviction occurred pursuant to Rule 36. *Clark v. State*, 2012 Ark. App. 496, 423 S.W.3d 122. In taking an appeal from a decision of a district court, Rule 36(c) requires that the defendant shall serve a copy of his written request for a certified copy of the record on the prosecuting attorney for the judicial district and shall file a certificate of such service with the district court, as follows:

> (c) How Taken. An appeal from a district court to circuit court shall be taken by filing with the clerk of the circuit court a record of the proceedings in the district court. Neither a notice of appeal nor an order granting an appeal shall be required. It shall be the duty of the clerk of the district court to prepare and certify such record when the defendant files a written request to that effect with the clerk of the district court and pays any fees of the district court authorized by law therefor. *The defendant shall serve a copy of the written request on the prosecuting attorney for the judicial district and shall file a certificate of such service with*

*the district court.* The defendant shall have the responsibility of filing the certified record in the office of the circuit clerk. The record shall include any bond or other security filed by the defendant to guarantee the defendant's appearance before the circuit court. Except as otherwise provided in subsection (d) of this rule, the circuit court shall acquire jurisdiction of the appeal upon the filing of the certified record in the office of the circuit clerk.

(Emphasis added.) Appellant contends that he did not violate Rule 36(c), but rather that it was not properly executed by the North Little Rock District Court.

It is undisputed that appellant made a verbal request to appeal the October 17, 2013 district-court judgment, and no one either requested or required him to file a "written" request to appeal. He maintains that he was never instructed to give any documentation to the prosecuting attorney, but rather was given a record of the district-court proceedings and instructed to file them with the circuit-court clerk. Appellant filed the records with the circuit-court clerk and believed that he was in compliance with procedure.

Appellant acknowledges that he did not comply with Rule 36(c) and attempts to excuse his failure to perfect his appeal, stating that the district court clerk "didn't tell me I had to do that." Although appellant asks us that he—as a pro se appellant—be held to a "lesser" standard than that of an educated attorney, our supreme court has consistently held that pro se litigants are held to the same procedural standard as a licensed attorney. *Edwards v. State,* 2013 Ark. 434 (per curiam) (citing *Lucas v. Jones*, 2012 Ark. 365, 423 S.W.3d 580; *Greene v. State*, 2013 Ark. 251 (per curiam); and *Kennedy v. Morales*, 2013 Ark. 41 (per curiam)). Additionally, this court has held that a litigant proceeding pro se has the duty of perfecting his appeal under Rule 36(c), not the clerk. *See Risner v. State*, 2011 Ark. App. 549.

Appellant also asserts that he has, and was denied, rights to due process of law under

the Fourteenth Amendment to the Constitution of the United States and to self-representation under the provisions of the Sixth Amendment to the United States Constitution. *See Faretta v. California*, 422 U.S. 806 (1975). Appellant maintains that he has a right to "self-representation to make [his] own defense personally" as implied by the Sixth Amendment, and that he was denied his right to present evidence on his behalf in violation and denial of his constitutional rights to fundamental fairness and due process of law.

Appellant's arguments regarding the violation of his constitutional rights are not preserved for appeal. Appellant has the burden to obtain a ruling on his arguments below and, where he fails to do so, the appellate court will not address them on appeal. *Pitts v. State*, 2011 Ark. 322, at 4. The only ruling the circuit court rendered in this case was that appellant's appeal was not perfected pursuant to Rule 36(c). Because appellant failed to obtain a ruling below on his other two arguments, they are not preserved for appellate review.

Because appellant was required to serve a copy of the certified record of the district-court proceeding on the prosecuting attorney in order to perfect his appeal, and appellant admittedly failed to do so, we hold that the circuit court did not err by dismissing his appeal and remanding the case to the district court for imposition of sentence. Accordingly, we affirm.

Affirmed.

PITTMAN and WYNNE, JJ., agree.

*Billy A. Fewell*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.